
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, ) | No. 75762-8-I |
| ) | |
| Appellant, ) | DIVISION ONE |
| ) | |
| v. ) | |
| ) | |
| MICHAEL DEGALVEZ WILLIAMSON, ) | UNPUBLISHED OPINION |
| ) | |
| Respondent. ) | FILED: February 26, 2018 |

BECKER, J. — Appellant Michael Williamson is challenging a no-contact order that bars him from the Sound Transit Link light rail. The no-contact order was imposed after Williamson was found guilty of two counts of indecent exposure, both of which occurred aboard the light rail. We conclude that the no-contact order was reasonable to protect the public and did not violate Williamson's constitutional right to travel.

Williamson was witnessed masturbating aboard the Sound Transit Link light rail on July 3, 2015, and again on December 3, 2015. Because of Williamson's criminal history, which includes six prior indecent exposure convictions and a conviction for second degree rape, law enforcement was able to identify Williamson.

The trial court sentenced Williamson to 12 months' confinement. The State proposed a no-contact order barring Williamson from public transportation

offered by Sound Transit. This order would have included Sound Transit buses and the Sounder train as well as the light rail. Williamson objected, noting that he did not have a car and the ban on using public transportation would leave him unable to attend religious services or his required mental health treatment. The trial court agreed that the no-contact order requested by the State was too broad. The State then proposed a no-contact order barring Williamson only from riding the light rail. The trial court entered the order.

A crime-related no-contact order is reviewed for abuse of discretion. State v. Corbett, 158 Wn. App. 576, 597, 242 P.3d 52 (2010). "Abuse of discretion occurs when a decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons." Corbett, 158 Wn. App. at 597.

Williamson argues that it would have been reasonable to prohibit him from contacting the individuals to whom he exposed himself, but the no-contact order as entered constitutes an unconstitutional restraint on his right to travel. This argument is not persuasive.

There is no constitutional right to a particular means of travel. State v. Scheffel, 82 Wn.2d 872, 880, 514 P.2d 1052 (1973), appeal dismissed, 416 U.S. 964 (1974). In Scheffel, the appellant challenged the revocation of his driver's license following his third conviction for driving under the influence. Scheffel, 82 Wn.2d at 874. The court upheld the prohibition on driving, stating "the right to travel is not being denied. The defendants are being prohibited from using a particular mode of travel in a particular way, due to their repeated offenses, in

order to protect the public at large which we find to be reasonable under the circumstances." Scheffel, 82 Wn.2d at 880-81.

Except for the prohibition on riding the light rail, Williamson is unrestricted in his travel. He remains free to utilize Sound Transit's bus and train lines as well as King County's own system of public transportation. The order, contrary to Williamson's assertion, is neither vague nor overbroad.

Williamson's victims were random, notable only for their presence on the light rail. There is no reason to believe that an order prohibiting contact with them would prevent future indecent acts by Williamson. Williamson exposed himself aboard the light rail twice in the span of six months. The trial court found the two instances sufficient to establish a pattern of behavior that justifies prohibiting Williamson from riding the light rail. We conclude the trial court did not abuse its discretion.

Affirmed.

Becker, J.

WE CONCUR:

Mann, J.

Cox, J.